

FILED
FEB 11 2021

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RALPH E. TAKEN ALIVE JR.,<br>Defendant. | 1:06-CR-10011-CBK<br>ORDER |

  Defendant was convicted of voluntary manslaughter, assault with a dangerous weapon, and assault resulting in serious bodily injury. He was sentenced on February 26, 2007, to a total sentence of 316 months imprisonment. He appealed his convictions and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Taken Alive, 513 F.3d 899 (8th Cir. 2008). He filed a motion to vacate, set aside, or correct sentence which I denied as untimely. United States v. Taken Alive, 2018 WL 2170328 (D.S.D. 2018).

  Defendant has now filed a motion for clarification. He contends that I failed to take into account his pain and need for ankle surgery when I sentenced him. He contends that he suffered cruel and unusual punishment as a result of continued pain which amounts to an Eighth Amendment claim. He asks the Court to investigate his claim.

  I took into account the factors set forth in 18 U.S.C. § 3553, including the history and characteristics of the defendant and the need to provide the defendant medical care, when I sentenced defendant. Defendant's need for medical care did not outweigh the need to protect the public and for just punishment. I imposed an upward departure, finding that defendant's criminal history category of VI under-represented his criminal history and the likelihood he would commit further crimes and that the defendant had engaged in extreme cruelty.

  Federal courts do not investigate civil claims on behalf of anyone. Any civil claim arising out of defendant's medical needs while in prison must be brought in the district where he is confined. Accordingly,

IT IS ORDERED that defendant's motion, Doc. 105, for clarification is denied.

DATED this 5th day of February, 2021.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RALPH E. TAKEN ALIVE JR.,<br>Defendant. | 1:06-CR-10011-CBK<br>ORDER |

Defendant was convicted of voluntary manslaughter, assault with a dangerous weapon, and assault resulting in serious bodily injury. He was sentenced on February 26, 2007, to a total sentence of 316 months imprisonment. He appealed his convictions and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Taken Alive, 513 F.3d 899 (8th Cir. 2008). He filed a motion to vacate, set aside, or correct sentence which I denied as untimely. United States v. Taken Alive, 2018 WL 2170328 (D.S.D. 2018).

Defendant has now filed a motion for clarification. He contends that I failed to take into account his pain and need for ankle surgery when I sentenced him. He contends that he suffered cruel and unusual punishment as a result of continued pain which amounts to an Eighth Amendment claim. He asks the Court to investigate his claim.

I took into account the factors set forth in 18 U.S.C. § 3553, including the history and characteristics of the defendant and the need to provide the defendant medical care, when I sentenced defendant. Defendant's need for medical care did not outweigh the need to protect the public and for just punishment. I imposed an upward departure, finding that defendant's criminal history category of VI under-represented his criminal history and the likelihood he would commit further crimes and that the defendant had engaged in extreme cruelty.

Federal courts do not investigate civil claims on behalf of anyone. Any civil claim arising out of defendant's medical needs while in prison must be brought in the district where he is confined. Accordingly,